IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL BROWNLEE, | ) | |
|     Plaintiff | ) | C.A. No. 12-322 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| SHIRLEY R. MOORE-SMEAL, et al., | ) | |
|     Defendants | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural History

On December 26, 2012, Plaintiff Earl Brownlee, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"),[2] initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 [ECF No. 6]. Plaintiff subsequently filed an amended complaint on August 16, 2013 [ECF No. 31], and a second amended complaint on October 25, 2013 [ECF No. 41], the latter of which is deemed to have superseded the prior two complaints and is the operative pleading in this case.

Named as Defendants in the second amended complaint are: Shirley R. Moore-Smeal ("Moore-Smeal"), Executive Deputy Secretary of the Pennsylvania Department of Corrections

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 3, 28, 29, 30).

[2] Plaintiff is currently incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania.

1

("DOC"); Michael Harlow ("Harlow"), Superintendent at SCI-Albion; SCI-Albion corrections officers Captain Randy Irwin ("Irwin"), Lieutenant John Pivetta ("Pivetta"), Lieutenant Mark Edmunds ("Edmunds"), Sergeant Joshua Moore ("Moore"), CO-1 Jerrold Twentier ("Twentier"), CO-1 Richard Bernardo ("Bernardo"), CO-1 Frederick Munch ("Munch") and CO-1 Jeffrey Newell ("Newell"); SCI-Albion registered nurses Don Lucore ("Lucore") and Maxine Overton ("Overton"); Pennsylvania Board of Probation and Parole Agent John Williams ("Williams"); Dr. Mark Baker ("Baker"), a physician under contract with the DOC to provide medical services to inmates at SCI-Albion; Pamela Reynolds ("Reynolds"), a physical therapist under contract with the DOC to provide physical therapy to inmate at SCI-Albion; Physician Assistant "Telega;" and several unnamed Defendants identified as "Jane or John Does."[3] All Defendants, other than Baker, Reynolds, Telega, and the unnamed Jane or John Doe Defendants, are collectively referred to herein as "DOC Defendants."

In his second amended complaint, Plaintiff alleges that Defendants violated his rights under the first, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff asserts the following claims: (i) an Eighth Amendment claim of excessive use of force against Defendants Twentier, Pivetta, Edmunds, Moore, Munch, Bernardo, Williams, and Newell, arising from a cell extraction incident that occurred on or about October 16 2010; (ii) an Eighth Amendment deliberate indifference claim against Defendants Lucore and Overton

---

[3] Plaintiff has failed to serve Defendant Telega and the unnamed "Jane or John Doe" Defendants, and no attorney has entered an appearance on behalf of any of said Defendants. As a result, Plaintiff's allegations against these Defendants will not be addressed here.

arising from their alleged failure to provide medical attention for injuries he allegedly suffered as a result of the cell extraction of October 16, 2010; and (iii) an Eighth Amendment deliberate indifference claim against Defendants Baker, Reynolds, Harlow, and Moore-Smeal, arising from the alleged failure to provide a course of physical therapy for Plaintiff's shoulder that was injured during the cell extraction incident of October 16, 2010. As relief for his claims, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

On October 29, 2013, the DOC Defendants filed a motion to dismiss [ECF No. 42] arguing that Plaintiff's claims against them should be dismissed because they are barred by the applicable statute of limitations. Defendant Baker filed his own motion to dismiss on November 6, 2013 [ECF No. 44], arguing, *inter alia*, that Plaintiff has failed to state a cause of action against him upon which relief may be granted. On November 12, 2013, Defendant Reynolds filed a motion to dismiss [ECF No. 47], also arguing that Plaintiff's claim against her should be dismissed because it fails it state a cause of action upon which relief may be granted. Despite having been granted more than ample time to file a response to each of these motions, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B.   Standards of Review
#### 1.   Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A

3

complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

5

Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**C.     Discussion**

**1.     Statute of Limitations**

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on December 26, 2012; however, the complaint was apparently signed by Plaintiff on December 18, 2012. (See ECF No. 6, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat December 18, 2012, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001),

citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to December 18, 2010, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's second amended complaint that the cell extraction incident upon which Plaintiff bases his Eighth Amendment claim of excessive use of force against Defendants Twentier, Pivetta, Edmunds, Moore, Munch, Bernardo, Williams, and Newell, occurred on October 16, 2010, two months beyond the reach of the limitations period. Similarly, Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Lucore and Overton, arose from said Defendants' alleged failure to provide medical treatment on or immediately after the date of the same cell extraction incident. As a result, both of said claims are barred by the applicable statute of limitations and will be dismissed.

As to Plaintiff's claims against Defendants Harlow and Moore-Smeal, however, the Court finds that such claims are timely filed, as they relate to said Defendants' denials of Plaintiff's continued requests for physical therapy treatment and possible surgery for his injured shoulder, which requests are alleged to have occurred, at least, through the end of September 2011. Thus, the DOC Defendants' motion to dismiss Plaintiff's claims against Defendants Harlow and Moore-Smeal as untimely is denied.

Defendant Baker's motion to dismiss also seeks dismissal of Plaintiff's claim against him

as untimely, arguing that Plaintiff's claim arises from the cell extraction incident of October 16, 2010 (ECF No. 45, Defendant Baker's brief, at pp. 9-10). This is simply not true. Plaintiff's allegations make clear that his claim against Defendant Baker alleges a continuous course of deliberate indifference that began in late October 2010 and remained prevalent at the time Plaintiff filed his second amended complaint. Thus, Defendant Baker's motion to dismiss Plaintiff's claim as untimely is without merit and will be denied.

### 2. Deliberate Indifference Claims v. Defendants Baker and Reynolds

Plaintiff alleges that at or around the end of October 2010, Defendant Baker examined his shoulder and diagnosed a torn ligament/muscle, for which he ordered a course of physical therapy (ECF No. 41, Second Amended Complaint, at ¶ 61). Plaintiff alleges further that, despite several follow-up requests to Defendant Baker and others for the physical therapy treatment ordered by Defendant Baker, he was not seen by the physical therapist, Defendant Reynolds, until on or about April 14, 2011, at which time physical therapy was administered (Id. at ¶¶ 62-65). According to Plaintiff, Defendant Reynolds informed him that he would receive a ninety day follow-up; however, he was not seen again by Defendant Reynolds until September 2011, despite Plaintiff's repeated requests for follow-up treatment during the intervening months (Id at ¶¶ 68-71). Then, when he was seen by Defendant Reynolds in September 2011, she allegedly informed him that his shoulder injury would not be corrected by physical therapy because surgery was required (Id. at ¶¶ 71-72). Nonetheless, as of the date of his second amended complaint, October 20, 2013, Plaintiff alleges that the order for physical therapy has expired and has not been re-

ordered, and he has not yet received surgery on his shoulder, which, he claims, has become worse and causes him unbearable pain (Id. at ¶ 73). Based on these allegations, Plaintiff claims that Defendants Baker and Reynolds were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[4] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment

---

[4] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, both Defendants Baker and Reynolds have moved to dismiss Plaintiff's deliberate indifference claim against them based essentially on the fact that he received some degree of medical care for his shoulder injury and is simply disagreeing with their medical judgment, which is not actionable. White, 897 F.2d at 110 ("mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation). However, accepting as true Plaintiff's allegations and all reasonable inferences therefrom, the Court finds that Plaintiff has alleged sufficient facts upon which an Eighth Amendment claim of deliberate indifference may be established against each of said Defendants, at the pleading stage.

### 3. Punitive Damages

Defendants Baker and Reynolds have each moved to dismiss Plaintiff's claim for punitive

damages, arguing that Plaintiff's second amended complaint fails to plead facts that would demonstrate that their actions were callous or reckless. (ECF No. 45, Defendant Baker's Brief, at p. 8; ECF No. 48, Defendant Reynold's Brief, at p. 6)). The Court disagrees.

Punitive damages in Section 1983 cases are available where the defendant is found to have acted with a "reckless or callous disregard of, or indifference to, the rights and safety of others." Bennis v. Gable, 823 F.2d 723, 734 (3d Cir. 1987), quoting Smith v Wade, 461 U.S. 30, 56 (1983). Here, if Plaintiff is successful in proving that Defendant Baker's and/or Reynolds's delay in providing recommended treatment for his shoulder constituted deliberate indifference to his serious medical needs that has caused him to suffer prolonged suffering and undue pain, such behavior could be found reckless and/or callous. Accordingly, Plaintiff's demand for punitive damages will be allowed to remain at this early stage of the proceeding.

### 4.     Prison Litigation Reform Act

Under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA"), this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims. Wilson v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section

1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### 1. Defendants Irwin, Harlow, and Moore-Smeal

Plaintiff has failed to allege the basis for any constitutional claim against Defendants Irwin, Harlow, or Moore-Smeal. As to Defendant Irwin, other than identifying him as a party in paragraph 10 of the introductory portion of his second amended complaint, Plaintiff has failed to assert any factual allegations or legal claims against said Defendant. Accordingly, Defendant Irwin will be dismissed from this case.

With regard to Defendants Harlow and Moore-Smeal, the only allegation Plaintiff has made is that he sent letters and/or request slips to said Defendants regarding his need for physical therapy and surgery for his injury shoulder (ECF NO. 41, Second Amended Complaint, at ¶ 72). However, neither Defendant Harlow nor Defendant Moore-Smeal is a medical provider. In Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993), the Third Circuit held that non-medical prison officials cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison medical staff. Here, Plaintiff's allegations indicate that he was treated by Defendants Baker and Reynolds. Thus, Plaintiff is unable to establish that Defendants Harlow and Moore-Smeal were deliberately indifferent to his serious medical needs. As a result, Plaintiff's Eighth Amendment

claim against said Defendants will be dismissed as frivolous, *sua sponte*, pursuant to the Court's authority under the Section 1915(e) of the PLRA.

**2.      Defendant Telega and Unnamed Jane or John Doe Defendants**

As noted earlier, neither Defendant Telega nor any of the Jane or John Doe Defendants has been served with any of the complaints in this case. As a result, these Defendants will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL BROWNLEE,<br>    **Plaintiff** | )<br>)<br>) | C.A. No. 12-322 Erie |
| v | )<br>) | Magistrate Judge Baxter |
| SHIRLEY R. MOORE-SMEAL, et al.,<br>    **Defendants** | )<br>) | |

## ORDER

AND NOW, this 1st day of July, 2014, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The DOC Defendants' motion to dismiss Plaintiff's second amended complaint [ECF No. 42] is GRANTED as to Plaintiff's Eighth Amendment excessive use of force claim against Defendants Twentier, Pivetta, Edmunds, Moore, Munch, Bernardo, Williams, and Newell, and his Eighth Amendment deliberate indifference claim against Defendants Lucore and Overton; but is DENIED as to Plaintiff's claims against Defendants Harlow and Moore-Smeal;

2. Defendant Baker's motion to dismiss Plaintiff's second amended complaint is DENIED;

3. Defendant Reynolds's motion to dismiss Plaintiff's second amended complaint is DENIED.

4. Pursuant to the authority granted by the PLRA, the Court dismisses, *sua sponte,* Plaintiff's claims against Defendants Irwin, Harlow, Moore-Smeal, Telega, and all unnamed Jane or John Doe Defendants, for the reasons stated in the foregoing opinion.

Based on the foregoing, the Clerk is directed to terminate all Defendants other than Defendants Baker and Reynolds.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge